## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CARNELL DION McELROY, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00091 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |

*Carnell Dion McElroy, Sr., Pro Se Plaintiff; Laura H. Cahill, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

The plaintiff, Carnell Dion McElroy, Sr., a Virginia inmate proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging that prison officials refused to allow him to celebrate Ramadan 2020 in violation of his rights under the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). After review of the record, I conclude that the defendants' Motion to Dismiss must be granted.

### I. Background.

McElroy is confined at Red Onion State Prison ("Red Onion"), a facility operated by the Virginia Department of Corrections ("VDOC") where the claims in this case arose. His factual allegations are sparse and do not include any dates. From

his Complaint and the attached documents, the factual basis for his claims appears to be as follows.

McElroy states that he is a long-time Nation of Islam ("NOI") Muslim who has celebrated the annual month-long Ramadan fast for many years while incarcerated.  In early November 2019, McElroy filed an Offender Request form notifying the Chaplain that as an NOI believer, he "had a dream [and] a vision that sent [him] on a[n] evangelist journey to reach [his] lost brothers who are seeking God to the form of man thru Rastafarian[ism]." Compl. Attach. at 4, ECF No. 1-1. McElroy asked the prison Chaplain for NOI outreach materials.  The Chaplain replied on November 18, 2019, apparently sending some materials, and stated, "I hope this is helpful.  If you want more, remind me of the title and author and where I left off."  *Id.*  In another Offender Request dated November 18, 2019, McElroy complained that he had not received any response or materials to help him share NOI beliefs with "Rastas."  *Id.* at 5.  The Chaplain responded, "If you are out to prosiletyze [sic] the Rastas, then you need to switch to the NOI Service at Open Enrollment." *Id.*

In December 2019, McElroy wrote, thanking the Chaplain and asking for additional information, which the Chaplain provided.  In early January 2020, McElroy wrote to ask the Chaplain if inmates who were "undeclared or not signed up for any religious service" would be allowed to participate in the Ramadan fast.

*Id.* at 7.  The Chaplain responded on January 10, 2020, "If you wish to celebrate Ramadan, you will need to identify as Muslim -- Sunni, NOI, or MSTA [Moorish Science Temple of America]."  *Id.*

On an Offender Request form addressed to the Chaplain, dated January 11, 2020, McElroy stated, among other things: "I do 'identify' as NOI Muslim.  I am Muslim [and] verified by VADOC.  At the time I can't abandon my God-given mission.  I attend NOI service every Friday, as it is available on TV every Friday.  I am a practicing Muslim.  I should be allowed Ramadan participation."  *Id.* at 8.  The Chaplain responded on January 24, 2020, "Enclosed is a 'Request to Attend Religious Activities' form.  If you want to celebrate Ramadan, you must choose Sunni Islam, MSTA, or NOI."  *Id.*

In an Informal Complaint dated May 4, 2020, McElroy complained, "I am NOI Muslim [and] have participated in Ramadan for 14 years, while incarcerated. This year I was refused participation in 2020 Ramadan."  *Id.* at 3.  In a response dated May 6, 2020, an official stated, "For the fourth Quarter Religious Activity you signed up for Rastafarians.  The Rastafarian Religion does not participate in Ramadan."  *Id.*  McElroy then filed a Regular Grievance, dated May 10, 2020, stating, "I am an N.O.I. Muslim [and] have participated in Ramadan for 14 years while incarcerated.  This year I was refused 2020 Ramadan participation."  *Id.* at 1. The Regular Grievance was rejected at intake on May 11, 2020.  The reason marked

was: "Does not affect you personally (This issue did not cause you personal loss or harm).  Rastafarian does not participate in Ramadan."  *Id.* at 2.

McElroy signed and dated his § 1983 Complaint on October 22, 2020, naming the following defendants: Harold Clarke, Director of VDOC; Western Reh. Director; Warden Kaiser; I.P.M. Baker; I.P.M. Sykes; and Chaplain.  Compl. 1, ECF No. 1. McElroy's claims are stated as follows:

1.  I notified the Chaplain that I was on a god given mission to save my brothers from the false Rastafarian religion [and] I enrolled in the program.  After which I was denied to exercise my religious right to participate in Ramadan [2020], violating "RLUIPA."

2.  I am a Nation of Islam Muslim.  That fact has been stated by this very court.  VADOC cannot tell me how to practice my religion, or deter me in my duty to God; punish me for it in violation of my free exercise clause.

3.  My Fourteenth Amendment was violated, as inmate who are not designated any religions on the religious sign-up form are permitted Ramadan participation.

4.  Red Onion . . . and staff placed a[n] unjustified substantial burden on the exercise of my religion by denying me the only opportunity I have in a calendar year to be forgiven for my sins. Thus violating Religious Freedom Restoration Act (RFRA) [and RLUIPA].

5.  R.O.S.P. states that I must be signed up for NOI: Sunni or MST to participate in the annual Ramadan.  Despite knowing I am a true believer of Islam.

Compl. 2, 3, ECF No. 1.   As relief, McElroy seeks monetary damages and "injunctive relief to stop this practice." *Id.* at 2.  The defendants have filed a Motion to Dismiss, and McElroy has responded, making the matter ripe for disposition.

## II. DISCUSSION.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court is not bound to accept as true a legal conclusion couched as a factual assertion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor should the Court accept a plaintiff's "'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations'" *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely

"conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, citations and alteration omitted).  In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.  The doctrine of *respondeat superior* has no application under this section."  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks, citation and alteration omitted).

The defendants assert that the claims against them should be dismissed because McElroy fails to state facts showing that each of the defendants undertook personal actions that violated his constitutional rights, or his statutory rights under RLUIPA.  I must agree.  Indeed, McElroy's Complaint does not mention any of the defendants except in the heading and in the description of the defendants.  He does not describe any action or inaction by any of the defendants that caused McElroy to be prevented from celebrating the Ramadan fast as he desired.  On the contrary, the facts included in McElroy's submissions indicate that he himself failed to follow repeated instructions from the Chaplain about how to comply with Red Onion procedure required for inmates who wished to participate in Ramadan 2020.  In other

words, I cannot find that McElroy' allegations state any claim that any defendant's action or inaction prevented him from practicing Ramadan.

### III.  CONCLUSION.

For the reasons stated, it is hereby **ORDERED** that the defendants' Motion to Dismiss, ECF No. 20, is GRANTED.

A separate Judgment will be entered forthwith.

ENTER: January 3, 2022

/s/  JAMES P. JONES
Senior United States District Judge